**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
SOUTHERN DIVISION**

| | | |
|---|---|---|
| HECTOR YAHIR GUERRERO HERNANDEZ,<br><br>Petitioner,<br><br>v.<br><br>JASON JOHNSON, et al.,<br><br>Respondents. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 6:26-cv-03584-MBB |

**ORDER**

Petitioner Hector Yahir Guerrero Hernandez petitions the Court for a writ of habeas corpus under 28 U.S.C. § 2241. He argues that the Respondents (collectively, "the Government") wrongfully detained him without a bond hearing. (**Doc. 1**, p. 3). He argues that his mandatory detention violates the Constitution and the Administrative procedure Act (the "APA"). (***Id.*** at pp. 3-4). He asks the Court to order the Government to immediately release him. (***Id.*** at p. 19). Because Petitioner's detention does not violate his right to due process, and because relief is not available under the APA, the petition is DENIED.

**Background**

Petitioner, born in Mexico, allegedly entered the United States in 2006. (**Doc. 1**, p. 7). On September 29, 2017, his brother applied for a U Visa. (***Id.***); (**Doc. 1-1**, p. 3). Petitioner was included as a derivative beneficiary. (**Doc. 1**, p. 7). On October 14, 2022, the Department of Homeland Security ("DHS") placed Petitioner in "deferred action" and gave him employment authorization pending adjudication of his brother's U Visa application. (**Doc. 1-1**, pp. 3-6). Also in 2022, Petitioner was allegedly convicted of "operating a vehicle while intoxicated." (**Doc. 1**, p. 8). On August 12, 2026, Petitioner was allegedly arrested again for operating a vehicle while

intoxicated. (***Id.***). "On August 16, 2026, following his release from county custody," DHS allegedly took petitioner into immigration custody. (***Id***). He remains detained under 8 U.S.C. § 1225(b)(2)(A) pending ongoing removal proceedings. (***Id.*** at p. 9); (**Doc. 7**, p. 2).

On September 15, 2026, Petitioner filed a Petition for a Writ of Habeas Corpus under 28 U.S.C. § 2241. (**Doc. 1**). He argues that DHS violated his Constitutional right to due process when it detained him despite his deferred action status and U Visa application. (***Id.*** at pp. 13, 15). He argues that his continued detention without bond violates the Fifth Amendment. (***Id.*** at pp. 14, 15-18). And he argues that his detention violates the APA. (***Id.*** at pp. 12-13).

**Discussion**

28 U.S.C. § 2241 gives federal courts jurisdiction to hear constitutional challenges to the legality of immigration-related detention. *See* ***Zadvydas v. Davis***, 533 U.S. 678, 687 (2001). *See also* ***Rasul v. Bush***, 542 U.S. 466, 483-84 (2004) (holding that Section 2241 conferred jurisdiction to hear a challenge to an alien's detention). But "[d]istrict Courts in this circuit and elsewhere agree that a habeas petitioner under § 2241 bears the burden of demonstrating by a preponderance of the evidence that his or her detention is unlawful." ***Vargas Lopez v. Trump***, 802 F. Supp. 3d 1132, 1137 (D. Neb. 2025). *See* ***Johnson v. Mabry***, 602 F.2d 167, 171 (8th Cir. 1979) ("Generally, the burden of proof in a habeas corpus proceeding is on the petitioner to establish by a preponderance of the evidence that he is entitled to relief.").

Petitioner fails to carry that burden. His mandatory detention pending removal proceedings does not violate his right to due process. And his APA claim is misplaced.

**I. Petitioner's detention does not violate procedural due process because the legislative scheme permits it.**

Petitioner urges the Court to evaluate his due process claim under the *Mathews* framework, which employs a multi-factor "reasonableness" test to determine what process is due. *See*

***Mathews v. Eldridge***, 424 U.S. 319 (1976). But the Court does not apply the *Mathews* balancing test when considering mandatory detention of removable aliens. *See* ***Baynee v. Garland***, 115 F.4th 928, 933 (8th Cir. 2024) (noting that the Supreme Court has "already done whatever balancing is necessary"). Removable aliens like Petitioner may be detained pending deportation proceedings "simply by reference to the legislative scheme." *See* ***id.*** at 932. *See also* ***Department of Homeland Sec. v. Thuraissigiam***, 591 U.S. 103, 140 (2020) (holding that aliens who have not been admitted "[have] no entitlement to procedural rights other than those afforded by statute"). In *Demore v. Kim*, 538 U.S. 510 (2003), the Supreme Court held that detention of a deportable alien without a bond hearing under 8 U.S.C. § 1226(c) did not violate due process. *See* ***Demore***, 538 U.S. at 531. The Court favorably cited Section 1226(c)'s limitation of detention pending removal proceedings. ***Id.*** at 527-29 (explaining that detention pending removal proceedings is not indefinite). And in *Baynee*, the Eighth Circuit held that "the government can detain an alien for as long as deportation proceedings are still 'pending.'" ***Baynee***, 115 F.4th at 933, *quoting* ***Demore***, 538 U.S. at 527.

Petitioner argues that his detention without bond and his continuing detention violate his right to procedural due process. But the legislative scheme requires the Government to detain Petitioner under Section 1225(b)(2)(A) because he is an "applicant for admission," "seeking admission," who is not "clearly and beyond a doubt entitled to be admitted." *See* **8 U.S.C. § 1225(b)(2)(A)**; ***Avila v. Bondi***, 170 F.4th 1128, 1133-34 (8th Cir. 2026). Neither his deferred action status nor his U-Visa application change that. *See* ***Sanchez v. Mayorkas***, 593 U.S. 409, 415 (2021) ("Lawful status and admission . . . are distinct concepts in immigration law: Establishing one does not necessarily establish the other."); (**Doc. 1-1**, p. 3) (describing deferred action as a mere "act of administrative convenience to the government which gives some cases lower priority for removal"). Like the statute in *Demore*, Section 1225(b)(2)(A) requires detention pending

removal proceedings. **8 U.S.C. § 1225(b)(2)(A)**. Petitioner concedes that he has not been admitted and that removal proceedings are pending. Because Section 1225(b)(2)(A) requires detention of removable aliens pending deportation proceedings, procedural due process requires no more. *See* ***Baynee***, 115 F.4th at 932.

Petitioner cites *United States ex rel. Accardi v. Shaughnessy*, 347 U.S. 260 (1954), arguing that he is entitled to relief because the Government detained him without following a DHS policy manual. (**Doc. 1**, p. 15). He is wrong. Nearly 70 years after *Accardi*, the Supreme Court held that an alien who has not been admitted "has no entitlement to procedural rights other than those afforded by statute." *See* ***Thuraissigiam***, 591 U.S. at 107. As discussed, the relevant statute requires Petitioner's detention because he has not been admitted to the United States. Internal DHS policy does not support his constitutional claim. *See* ***United States v. Lee***, 274 F.3d 485, 493 (8th Cir. 2001) (holding that an agency policy manual could "not be relied upon to create any rights, substantive or procedural, enforceable at law by any party").

**II. Petitioner's detention does not violate substantive due process because it does not implicate a fundamental right.**

Substantive due process "forbids the government to infringe certain fundamental liberty interests *at all*, no matter what process is provided, unless the infringement is narrowly tailored to serve a compelling state interest." ***Reno v. Flores***, 507 U.S. 292, 302 (1993) (emphasis in original) (internal quotation marks omitted). Fundamental liberty interests "are, objectively, deeply rooted in this Nation's history and tradition, and implicit in the concept of ordered liberty, such that neither liberty nor justice would exist if they were sacrificed." ***Minnesota Deer Farmers Ass'n v. Strommen***, 146 F.4th 664, 670 (8th Cir. 2025) (internal quotation marks omitted). If a liberty interest is not fundamental, statutory regulation of the interest must only be "rationally related to legitimate government interests" to pass constitutional muster. *See* ***id.*** at 728. True, freedom from

imprisonment "lies at the heart of the liberty [the Due Process Clause] protects." ***Zadvydas***, 533 U.S. at 690. But detention during removal proceedings is presumptively constitutional. *See* ***Demore***, 538 U.S. at 523-26 (holding that "the Government may constitutionally detain deportable aliens during the limited period necessary for their removal proceedings"). "A wide range of discretion in the Attorney General as to bail is required to meet the varying situations arising from the many aliens in this country." ***Carlson v. Landon***, 342 U.S. 524, 543 (1952).

Removable aliens like Petitioner have no fundamental liberty interest in release pending removal proceedings. Before 1907, there was no provision permitting bail for *any* aliens during removal proceedings. ***Demore***, 538 U.S. at 523 n.7. A removable alien's right to release pending removal proceedings is not "deeply rooted in this Nation's history and tradition." *See* ***Minnesota Deer Farmers***, 146 F.4th at 670. And detention pending removal proceedings is rationally related to the legitimate government interest of "increasing the chance that, if ordered removed, [Petitioner] will be successfully removed." *See* ***Demore***, 538 U.S. at 528.

Petitioner claims that his detention does not satisfy that rational basis because a California district court provisionally certified a class to which he claims membership. (**Doc. 1**, pp. 3, 14). *See* ***Immigration Ctr. For Women and Child. v. Noem***, 2026 WL 145504 (C.D. Cal. May 20, 2026). He says that court stayed the DHS policy responsible for his detention. (**Doc. 1**, pp. 3, 14). First, "[t]he fact that a District Judge in California interpreted the law differently . . . does not somehow usurp or overrule all other judges in the United States Federal Courts." ***Ramirez Melgar v. Bondi***, 2025 WL 3496721, at *14 (D. Neb. Dec. 5, 2025). *See* ***Camreta v. Greene***, 563 U.S. 692, 709 n.7 (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case."); ***Trump v. CASA, Inc.***, 606 U.S. 831, 851 (2025) ("The equitable tradition has long

embraced the rule that courts generally may administer complete relief *between the parties*." (emphasis in original) (internal quotation marks omitted)). Second, even if it did, *Immigration Center* involves an APA lawsuit, not a habeas petition. *See* ***Immigration Ctr.***, 2026 WL 145504, at **2. And it does not discuss substantive due process or fundamental rights. It is wholly irrelevant to Petitioner's substantive due process claim.

### III. Relief is not available under the APA.

Petitioner separately claims that *Immigration Center* supports an independent APA claim in this case. (**Doc. 1**, p. 12). The APA "provides for review of a final agency action for which there is no other adequate remedy in a court." *See* ***Union Pac. R.R. Co. v. United States R.R. Ret. Bd.***, 162 F.4th 908, 917 (8th Cir. 2025) (internal quotation marks omitted). The "no other adequate remedy" requirement ensures "that the APA's general grant of jurisdiction to review agency decisions is not duplicative of more specific statutory procedures for judicial review." ***Bangura v. Hansen***, 434 F.3d 487, 501 (6th Cir. 2006); ***Bowen v. Massachusetts***, 487 U.S. 879, 903 (1988) ("Congress did not intend the general grant of review in the APA to duplicate existing procedures for review of agency action."). Alien detainee claims challenging the validity of their confinement "fall within the core of the writ of habeas corpus and thus must be brought in habeas." ***Trump v. J. G. G.***, 604 U.S. 670, 672 (2025) (internal quotation marks omitted) (explaining that APA claims and habeas claims follow different litigation paths).

Even if Petitioner challenges a final agency action, this petition provides judicial review of the Government's decision to detain him without bond. *See* ***Zadvydas***, 533 U.S. at 687. So there is an "adequate remedy in court," which precludes Petitioner's APA claim. *See* ***Union Pac. R.R.***, 162 F.4th at 917. *See also* ***Dominguez v. Mordant***, 2026 WL 1098252, at *3 (M.D. Fla. Apr. 23, 2026) (prohibiting a petitioner from "[t]rying to shoehorn a freestanding APA challenge into a

habeas petition"); ***Richmond v. Scibana***, 387 F.3d 602, 606 (7th Cir. 2004) (holding that a petition for habeas corpus may not be converted to a civil suit, which has many procedural differences). "If [Petitioner] is convinced that the class action in [*Immigration Center*] affords him relief or will do so, he was welcome to dismiss this individual habeas action and join the class action." ***Ramirez Melgar***, 2025 WL 3496721, at *15.

## Conclusion

Neither Petitioner's re-detention nor his continued detention without bond violate his right to due process. And his APA claim is misplaced. The Petition for a Writ of Habeas Corpus is DENIED.

**IT IS SO ORDERED.**

/s/ Megan Blair Benton
MEGAN BLAIR BENTON
UNITED STATES DISTRICT JUDGE

Dated: November 3, 2026